HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH TAYLOR CURRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VANCOUVER HOUSING AUTHORITY,<br><br>　　　　Defendant. | CASE NO. C16-5784-RBL<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

This matter is before the Court on Plaintiff Curry's Motion for leave to proceed in forma pauperis, supported by his proposed complaint. Curry seeks to sue the Vancouver housing authority and one of its employees for "intercepting, delaying, and withholding reasonable accommodation request," and for "rescinding the issue Housing Choice Voucher of this plaintiff and to deny plaintiff participation in such program." [Dkt. # 1-1]

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in*

*forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Curry's current proposed pleading does not meet this standard. He has not pled a plausible claim because the story in his complaint is conclusory and incomplete. What was the reasonable accommodation he sought, and why? From whom did he seek it? How did he seek it? Who rejected it? When? Why? The complaint also does not articulate a plausible claim— it does not address this court's jurisdiction over the subject matter or the parties, and it does not articulate what specific right he claims was violated. It also appears that Curry maybe appealing some underlying administrative process. Is that process complete? How was it resolved? Is this an appeal of that decision?

For these reasons, the Motion for Leave to Proceed *in forma pauperis* is **DENIED**. He shall pay the filing fee or submit a **proposed amended complaint** within **21 days** of the date of this order. Any amended complaint should address these issues and deficiencies. It should

endeavor to tell a chronological story that identifies the parties and the facts and the claim for relief, as well as the basis for the court's jurisdiction. It need not and should not be filled with legal citations; those can be addressed later. But Curry must plead plausible facts that would support a claim for relief.

IT IS SO ORDERED.

Dated this 12th day of October, 2016.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION TO PROCEED IN
FORMA PAUPERIS - 3