UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH TAYLOR CURRY,<br><br>    Plaintiff,<br><br> v.<br><br>VANCOUVER HOUSING<br>AUTHORITY, et al.,<br><br>    Defendants. | CASE NO. C16-5784 RBL<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

  THIS MATTER is before the Court on Defendant Vancouver Housing Authority's Motion for Summary Judgment and Motion to Dismiss [Dkt. #23]. The underlying lawsuit stems from Plaintiff Kenneth Curry's brief participation in the Section 8 Housing Choice Voucher program administered by Defendants. Curry, proceeding *pro se*, alleges Defendants denied him due process after terminating his participation in the Section 8 housing program and in denying his request for a reasonable accommodation. Dkt. 4 at 2–3. Defendants contend they terminated Curry's participation in the Section 8 housing program only after he threatened VHA employees and that Curry was afforded due process via an informal administrative hearing. Defendants assert that Curry's lawsuit should be dismissed because he has failed to articulate a cognizable claim under Fed. R. Civ. P. 12(b)(6) and because there is no genuine issue of material fact and

that Defendants are entitled to summary judgment on the merits. The Court would not be aided by oral argument and decides the motion on the parties' written submissions.

# I. BACKGROUND

Defendant Vancouver Housing Authority (VHA) is a local public housing agency providing subsidized housing in Vancouver, WA through the U.S. Department of Housing and Urban Development's (HUD) Section 8 Housing Choice Vouchers program. Defendant Roy Johnson is the Executive Director of VHA.

Plaintiff Kenneth Curry became eligible for Section 8 housing assistance in August 2014. Curry initially received a voucher from VHA for a one-bedroom housing unit but desired a two-bedroom voucher, asserting that he is disabled and requires an additional bedroom to accommodate a live-in aide or extended visitor to help care for him. Dkt. 23 at 4. Curry made a "reasonable accommodation" request based on financial need, ostensibly for a two-bedroom voucher. Dkt. 24 at 12. The VHA preliminarily denied Curry's reasonable accommodation request but indicated in a letter to Curry that it would reconsider his request if he submitted additional documentation substantiating his claimed disability and need for live-in assistance. *Id.* at 13. The letter also indicated that Curry could appeal the denial of his reasonable accommodation request. *Id.*; Dkt. 27 at 2.

**A. Curry's threatening interactions at the VHA office lead to his proposed disqualification from the Section 8 Housing Choice Voucher Program.**

Three weeks after the VHA denied his reasonable accommodation request, Curry showed up at the VHA office for an appointment on September 17, 2014. Curry was supposed to meet with VHA employee Inessa Raybukin, but Raybukin was unavailable due to a scheduling error. Curry instead met with VHA employee Misty Collard to discuss his reasonable accommodation request and participation in the Section 8 program. Curry became agitated during the encounter

and other VHA employees intervened when Curry would not let Collard conclude the meeting. Dkt. 29 at 5.

Curry returned to the VHA office the following afternoon without an appointment and met with Raybukin. Raybukin attempted to answer Curry's questions but Curry again became agitated when Raybukin attempted to conclude the meeting as the VHA office was preparing to close for the day. Curry returned to the VHA office on September 19, 2014 and called Raybukin from the building's lobby phone. Curry requested to speak with VHA Federal Program Policy Manager David Overbay. When Raybukin informed Curry that Overbay was unavailable, Curry reportedly responded, "no problem, that's okay I know where David lives. As a matter of fact the reason I wanted to meet with you face-to-face yesterday was because I didn't know who you were. I know where you live, I know what your children look like, and I can get your ass sued at anytime and you will lose everything." Dkt. 25 at 2; Dkt. 29 at 5. Raybukin notified her supervisor, prompting VHA staff to ask Curry to leave the building. VHA staff called the police when Curry refused but canceled the call when Curry was eventually persuaded to leave the premises. Curry remained in a parking lot across the street and stared down VHA employees as they left the building. Dkt. 29 at 5–6.

Curry returned to the VHA office on September 24, 2014 and spoke with VHA's Director of Voucher Programs, Sasha Nichelson, for approximately forty minutes. *Id*. at 6. VHA Executive Director Roy Johnson approached Curry and informed him that he was aware that Curry had threatened VHA employees the prior week, and that Curry needed to leave the building. *Id*. The police were again summoned, but not before Curry returned and submitted additional documents including a new reasonable accommodation request with a name and contact phone number for Curry's medical provider. Dkt. 24 at 15.

On September 25, 2014, Johnson sent Curry a letter proposing to deny his continued participation in the Section 8 Housing Choice Voucher program.[1] Dkt. 24 at 18. The letter summarized Curry's threatening behavior and explained that Curry's conduct violated the VHA's Administrative Plan policy. Johnson's letter notified Curry that he had ten days to submit a written request for an informal hearing to review the decision to terminate his participation in the Section 8 housing program.

**B. Curry's termination from the Section 8 Housing Choice Voucher Program is upheld by the hearing officer after the informal hearing.**

Curry made a timely request and was granted an informal review hearing. Dkt. 24 at 19–20. Sasha Nichelson sent Curry two letters prior to the hearing explaining the hearing process, identifying witnesses, and attaching the documents VHA would rely on as evidence during the hearing. *Id*. at 21–22. The letters explained that Curry "may, at your own expense, be represented by a lawyer or other advocate in the hearing. You will be given the opportunity to present evidence and to question any witnesses." *Id*.

On December 4, 2014, Josh Townsley, the Executive Director of Evergreen Habitat for Humanity, presided over the informal hearing to review VHA's proposed termination of Curry's participation in the Section 8 housing assistance program. *See* Dkt. 30. During the hearing, Curry repeatedly interrupted Raybukin's testimony and was warned by the hearing officer that further interruptions would result in the early conclusion of the hearing. Curry become increasingly angry during the hearing and threatened VHA staff present in the room. The hearing officer reported that Curry stated that he knew where Raybukin and Overbay lived, and that he would "break" Raybukin. *Id*. at 5. After this outburst the hearing officer immediately concluded the

---

[1] HUD regulations permit public housing agencies such as VHA to deny assistance based on a beneficiaries' previous behavior in assisted housing. *See* 24 C.F.R. § 982.552.

hearing. Curry was asked to leave the premises and the incident was reported to the local police department. *Id*.

In a written decision, the hearing officer determined based on a preponderance of the evidence, testimony, and Curry's own conduct during the hearing that Curry had violated VHA's policy by threatening and violent behavior towards VHA personnel. The hearing officer upheld the VHA's intended action to deny Curry's participation in the Section 8 housing program. This conclusion was memorialized on December 17, 2014 in a Notification of Informal Hearing Decision. *Id*. at 4–6. Curry filed the present lawsuit in 2016.

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. "Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment." *Yufa v. TSI Inc.*, 2014 WL 2120023, at *4 (N.D. Cal. May 21, 2014) (citing *Thornhill Publ'g, Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979)); *see also, Anheueser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 345 (9th Cir. 1995).

## III. DISCUSSION

Curry's Amended Complaint and opposition to summary judgment are disjointed and challenging to decipher. Construing Curry's *pro se* filings liberally, the Court infers that Curry alleges two primary claims in his amended complaint: (1) the VHA denied Curry due process after terminating his participation in the Section 8 housing program and rescinding his one-bedroom housing voucher; and (2) the VHA denied Curry due process on his reasonable accommodation request for a two-bedroom housing voucher. *See* Dkt. 4. The VHA argues that its decision to terminate Curry's participation in the Section 8 housing program was consistent with federal regulations and based solely on his threatening behavior towards VHA employees. VHA asserts that Curry was afforded due process via an administrative hearing which was cut short by Curry's disruptive behavior and threatening comments targeted at VHA employees. Dkt. 23 at 2–9.

**A. VHA's decision to terminate Curry's participation in Section 8 housing program complied with federal regulations.**

At the outset, the Court notes that VHA's decision to terminate Curry from the Section 8 program was warranted. HUD regulations permit public housing agencies such as VHA to deny assistance based on a beneficiaries' previous behavior in assisted housing. *See* 24 C.F.R. § 982.552. VHA's Administrative Plan provides:

> VHA will deny assistance to an applicant family if . . . A family member has engaged in or threatened violent or abusive behavior toward VHA personnel.
>
> > *Abusive or violent behavior towards VHA personnel* includes verbal as well as physical abuse or violence. Use of racial epithets, or other language, written or oral, that is customarily used to intimidate may be considered abusive or violent behavior.
> >
> > *Threatening* refers to oral or written threats or physical gestures that communicate intent to abuse or commit violence.

Dkt. 24 at 26. The VHA policy is consistent with the federal regulations authorizing a public housing agency to deny admission or terminate assistance "if the family has engaged in or threatened abusive or violent behavior toward [Public Housing Agency] personnel." 24 C.F.R. § 982.552(c).

Roy Johnson's letter to Curry clearly explained why Curry was ineligible for the program:

> On September 19, 2014 you threatened an employee of the VHA by stating that you knew where she lived and that you knew what her children looked like, implying that you would hurt that employee or her family if you did not get what you wanted from the VHA. You stated that you knew where other VHA employees lived as well. You told another VHA employee that you would file a lawsuit against individual employees even though you would lose because the cost of defending themselves would bankrupt those employees. You refused to leave the premises when requested to do so by VHA staff, causing the police to be called. After leaving the premises you remained across the street and stared at employees as they left the building.

Dkt. 24 at 18.

Although Curry disagrees with the VHA's version of events, his conclusory statement disputing VHA's account, without more, is insufficient to raise a genuine issue of material fact to defeat summary judgment. Curry even acknowledges making a statement to the effect that he knew where certain VHA employees lived and what their families looked like. *See* Dkt. 32 at 7–11 ("Plaintiff notified Raybukin, by parole, that he will file suit [sic] at law or equity against Raybukin in her private capacity for conduct out side [sic] the scope of employment. Raybukin

seemed to dismiss said notice. Plaintiff went on to establish that the notice is real when indicating that he then verified her home address in that her appearance is as her family.").

Given Curry's threatening comments to VHA staff on multiple occasions, the Court determines that VHA's decision to terminate his participation in the Section 8 program was consistent with both the agency's policy and federal regulations.

**B. Curry was afforded due process to challenge his termination from the Section 8 Housing Choice Voucher program.**

Curry alleges he was "denied his right to a due process hearing on the issue of the withdrawn one bedroom Housing Choice Voucher." Dkt. 4 at 3. The VHA maintains "Defendants afforded Plaintiff a hearing to challenge VHA's action; and a Hearing Officer affirmed the VHA's decision, denying Plaintiff's opportunity to participate in the Section 8 Program." Dkt. 23 at 3. Accordingly, the Court evaluates the due process afforded Curry prior to the termination of his Section 8 housing participation.

It is well-established that individuals receiving welfare have a property interest in continued receipt of benefits and the government must provide due process before terminating those benefits. *See Goldberg v. Kelly*, 397 U.S. 254 (1970). Likewise, participants in Section 8 housing voucher programs have a property interest in housing benefits protected by the Due Process Clause. *See Nozzi v. Hous. Auth. Of City of Los Angeles*, 425 F. App'x 539, 541 (9th Cir. 2011) (citing *Ressler v. Pierce*, 692 F.2d 1212, 1215 (9th Cir. 1982)). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). "All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard.'" *Id.* at 349 (quoting *Goldberg*, 397 U.S. at 268–69). The *Goldberg* Court identified certain procedural safeguards that a pre-termination hearing should have, including: (1) timely

and adequate notice of the proposed termination hearing and the reasons therefore; (2) the opportunity to confront and cross-examine adverse witnesses; (3) the opportunity to present evidence in the recipient's defense; (4) the right to retain counsel; (5) an impartial decision maker; (6) a decision which is based solely on legal rules and evidence adduced at the hearing; and (7) a statement of the evidence relied on and the reasons for the decision. *Id*. at 267–71.

There is no question that Curry had timely and adequate notice of the December 4, 2014 informal hearing, the reasons for VHA's proposed action, that Curry was informed of his right to retain counsel, and that the hearing officer was a neutral and impartial decision-maker. *See* Dkt. 24 at 18–22 (letters notifying Curry in October of the December hearing and informing him of his right to retain counsel); Dkt. 30 at 1–3 (Josh Townsley, the neutral hearing officer did not make or approve the decision under review and was not a subordinate of such person). The Hearing Officer also articulated the evidence that he relied on and explained the reasons he upheld the VHA's decision in his written decision. Dkt. 30 at 4–6. Although Curry's Amended Complaint does not articulate why he believes the hearing was deficient, the Court gleans from Curry's declaration in opposition to summary judgment Curry's belief that he was denied the opportunity to question witnesses and put on his own evidence.[2]

In reality, the hearing provided a forum for Curry "to present evidence and to question any witnesses." Dkt. 24 at 22. Instead of taking advantage of this opportunity to make his case for why he should be allowed to continue participating in the Section 8 housing assistance program, the evidence demonstrates that Curry was disruptive, ignored warnings to stop

---

[2] For example, Curry claims "Plaintiff did not question Inessa Rabukin [sic] on December 4, 2014." Dkt. 32 at 16. "Josh Townsley did not hear Plaintiff or indicate that all relevant circumstances have been considered." *Id*. at 18. "Plaintiff was not heard or allowed to testify, to make statements or to argue before any hearing officer of VHA." *Id*. at 22.

interrupting witness testimony, and angrily threatened to "break" a VHA employee in front of the hearing officer. Had Curry not engaged in threatening behavior, the Court has no doubt that Curry would have been permitted to question the VHA witnesses and offer his own testimony for the hearing officer's consideration. The alleged lack of process that Curry now challenges was a result of his own abusive conduct, and not any procedural shortcoming with the hearing process itself.

The record before the Court reflects that Curry was afforded all the due process required under the circumstances. Because the necessary elements for a pre-termination hearing were satisfied, Curry's due process claim fails. Accordingly, Defendants' motion for summary judgment on this claim is **GRANTED**.

**C. Curry was not denied due process in his requests for reasonable accommodation.**

Curry also alleges that he was "denied his right of a due process hearing on the issue of a reasonable accommodation." Dkt. 4 at 3. This claim also fails because there is no evidence suggesting Curry ever appealed the August 24, 2014 denial of his initial reasonable accommodation request. By the time Curry made his second reasonable accommodation request on September 24, 2014, VHA was already in the process of disqualifying Curry from the Section 8 housing program for threatening VHA employees.

Curry made his first request for a reasonable accommodation on August 16, 2014. Dkt. 24 at 12. This request was preliminarily denied on August 26, 2014. The denial letter explained that Curry could provide additional documentation of his claimed disability and VHA would reconsider its decision. *Id*. at 13. The denial letter also indicated that Curry had the "right to appeal the decision under the informal hearing process." *Id*. Although Curry contends that Defendants failed to grant him a reasonable accommodation, there is no indication from the record before the Court that Curry ever appealed the decision. Having failed to engage the

informal hearing process, Curry was not denied due process with respect to his August 16, 2014 reasonable accommodation request.

Curry filed a second reasonable accommodation request on September 24, 2014. Dkt. 24 at 15. Curry included a two-page narrative criticizing the VHA for the September 17 scheduling error and suggested that the VHA was conspiring against him. Aside from identifying a medical provider, Curry does not provide additional insight into his claimed disability supporting his reasonable accommodation request. Curry received written notice from Roy Johnson on September 25, 2014 that VHA was proposing to deny his participation in the Section 8 housing program based on his threatening behavior. VHA did not act on Curry's second request because it was made *after* Curry had threatened VHA employees, jeopardizing his participation in the Section 8 program altogether. Curry cites to no authority, nor is the Court aware of any cases which dictate that a public housing agency hold an informal hearing on a reasonable accommodation request when the person who makes the request has not requested a hearing and is in the process of being disqualified from the Section 8 program for abusive or threatening behavior. VHA did not deny Curry due process with respect to either of his reasonable accommodation requests. Accordingly, Defendants' motion for summary judgment on Curry's due process claim based on his reasonable accommodation requests is **GRANTED**.

//

//

//

//

//

## IV. CONCLUSION

Defendants' Motion for Summary Judgment [Dkt. #23] is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated this 7th day of May, 2018.

Ronald B. Leighton
United States District Judge